EDWARD D. PEARCE, Trustee, v. JAMES N. OLNEY.

Although the obligation of a father to support his infant child, remains, notwithstanding the possession by the child of trust property applicable to her support; yet, where, upon the bankruptcy of the father, a trustee for an infant daughter, at the father's request, though without any promise of repayment, paid over to him from time to time, sums of money out of the income of her trust property, for her support and education, as he was authorized by the terms of his trust, in his discretion, to do, it was *held*, that no promise could be implied, under such circumstances, on the part of the father, upon a change of circumstances, to repay to the trustee the sums of money thus applied.

ASSUMPSIT by the plaintiff, trustee of Rebecca F. Olney under the will of Mary E. Helme, late of Providence, deceased, against the defendant, the father of the said Rebecca, to recover the sum of $1,376, paid by the plaintiff out of the trust estate, to the defendant, for the support of his daughter, during the years 1851, 1852, and 1853.

The case, which came to this court by appeal from the court of common pleas for the county of Providence, was submitted to the court upon an agreed statement of facts, by which it appeared, that by the will of the said Mary E. Helme, dated January 1, 1844, and proved January 30, 1844, the following provision was made for the daughter of the defendant :—

"*Fourteenth.* All the rest, residue, and remainder of my estates, and property of every name, nature, and description, whether it be real, personal, or mixed, and wherever the same is or may be found, I give, devise and bequeathe to said Edward D. Pearce, and to his heirs or assigns, in special trust, for the use and benefit of the said Rebecca Frances Olney, daughter of James N. Olney, for him, the said Edward D. Pearce, to invest the same in permanent bank or other stocks, in real estate, or in such other manner as he may deem most prudent, and to sell and convey from time to time such portions of said personal property and real estate as he shall think proper, and to reinvest the proceeds of such sales, and to employ, superintend, and use the same, and after deducting all taxes and expenses from the income and profits of said trust property, to invest the balance as a portion of, and add the same to, said trust property ; or, in

23 *

the discretion of said trustee, to expend and pay out a portion or the whole of said balance, for the support and education of said Rebecca F. Olney, as to him shall seem most expedient, until the said Rebecca F. Olney shall arrive at the age of twenty-one years, or shall be married; and whenever the said Rebecca F. Olney shall arrive at the age of twenty-one years, or shall be married, whichever event shall happen first, then the said Edward D. Pearce, shall pay, transfer, and deliver over and convey the said property and estates, which may then be and remain in trust, to the said Rebecca F. Olney, her heirs and assigns, in fee-simple; and in case the said Rebecca F. Olney shall die before she shall have arrived at the age of twenty-one years, or shall have married, then the said Edward D. Pearce shall pay, transfer, and deliver over, and convey the said property and estate to the lawful issue of the said James N. Olney, then alive, share and share alike."

It appeared, that on the 1st day of April, 1851, the said James N. Olney, father of the said Rebecca F., became bankrupt, and wholly unable to provide for her support and maintenance; and that, thereupon, the plaintiff, as trustee, at the request of the said James N., and to provide for the support of the said Rebecca F., from time to time during the three following years, paid to the said James N. out of the income of the trust estate, sums of money, amounting in the aggregate to $1,376, the sum of money sought to be recovered in this action; that in March, 1853, the said James N. Olney, as heir to the late William C. Bowen, of Providence, succeeded to a considerable property, then in trust in the hands of Robert H. Ives, Esq., which property the plaintiff in this suit attached as the property of the defendant, for the purpose of securing repayment of the above sum paid by him as trustee, to the defendant, for the support and education of his said daughter; and that afterwards the defendant executed to the plaintiff a deed of assignment of his said property, for the benefit of his creditors. It further appeared, that the said Rebecca Frances Olney had intermarried with Dudley Gregory, Jr., of Jersey City, in the state of New Jersey.

*T. A. Jenckes,* for the plaintiff:—

1st. The obligation of the father to support his minor child, continues, notwithstanding his insolvency; and any person (including the trustee of an estate held for the benefit of the minor child) may recover the amount which the father reasonably ought to pay, under the circumstances, for advances made for the child's education and support.

2d. The remedy against the father is only suspended by his insolvency; and upon proof of his subsequent acquisition of property, the party so advancing necessaries for the minor child may recover the amount so advanced out of the subsequently acquired property. 2 Kent, 191; *Thompson* v. *Dorsey*, 4 Md. Ch. Decis. 149. The parent is held liable for a reasonable sum, notwithstanding the child has a separate estate. *Presby* v. *Davis*, 7 Rich. Eq. 105. The parent is not allowed anything out of the child's separate estate for support and education. *Sanford* v. *Lebanon*, 1 Red. (31 Maine) 124. The right of the parent to the custody of the persons of his minor children was held to be suspended merely, while the children were supported temporarily, as paupers, in another town.

3d. Where courts of equity make an allowance for the support of a minor child out of his separate estate, they do it in such manner as to protect the estate of the child as far as possible. 2 Kent, 191, and cases there cited; 2 Bland. 409, 606.

4th. The father has no right to such allowance from the minor child's estate, unless by order of a court of equity. *Thompson* v. *Griffin*, 1 Craig & Phil. 317.

*Payne*, for the defendant:—

The advances having been made by the trustee, under the will, and in accordance with its provisions, he has no legal right to recover the same of the father, on account of any change of circumstances.

AMES, C. J. The obligation of a father to support his minor child is undoubted, notwithstanding the possession by the child of property applicable to his support. Such an obligation is, however, from its very nature, limited by the ability of the father to perform it; and at all events, a court of equity will not allow an infant to suffer for food or education, when the father is a

bankrupt, on account of the formal existence of such an obligation, whilst there is trust property of the child, available to supply it with both. In such cases, upon a proper application by the infant, through a next friend, it will, regarding solely the infant's good, and not giving a direct benefit to the father out of his child's income, (*In re Stables*, 13 Eng. L. & Eq. R. 61,) order what it deems a proper sum, to be applied by a trustee of the infant's property to the future maintenance of the infant, and will, under special circumstances, direct even the whole of a small legacy belonging to a child, to be paid to the father, to enable him to provide for its support. *Carmichael* v. *Hughes*, 6 Eng. L. & Eq. R. 71 ; *Walsh* v. *Walsh*, 15 Ib. 249.

In the case at bar, the plaintiff, as trustee for the infant daughter of the defendant, under the will of Miss Helme, had vested in him by the testatrix, expressly, a discretion to expend for the support and education of the infant, the whole or any portion of the income of the trust estate given by the will, after payment therefrom of taxes, and the expenses of the trust. In the exercise of this discretion, the plaintiff very properly, upon the bankruptcy of the father, at his request, advanced or paid over to him from time to time, out of the income of the infant, sums of money, deemed by him to be adequate to this purpose. There is no pretence of any express promise on the part of the father to repay these sums, and the circumstances are not such as to raise an implied one. Considering the bankruptcy of the defendant, the trustee, in making this application of her surplus income, only performed a duty to the child which could have been enforced against him ; and because the father, under such circumstances, reminded him of it, it can hardly be supposed that it was the intent or expectation of either, that the future acquired estate of the father was to be bound for repayment to the estate of his daughter. A portion of the daughter's income has, by the exercise of a power vested in the plaintiff as trustee, reached its proper destination under the circumstances, in being applied to her support and education ; and we cannot make out of such an application, what the parties at the time never contemplated, a debt due from the father to the plaintiff as trustee, to come in competition with the just claims of the father's cred-

itors to his newly-acquired and unexpected succession. Upon the statement submitted to us, judgment must be entered for the defendant.